# Drum v. Dental Care Real Estate Partnership

---

C.P. of Lycoming County, No. 13-01,501

ANDERSON, *J.*, Feb. 6, 2015—Before the court is the motion in limine filed by defendant on January 22, 2015. Argument was heard February 5, 2015.

In her complaint, plaintiff alleges she slipped and fell on a patch of ice in defendant's parking lot and that defendant was negligent in the maintenance of that parking lot. She plans to introduce into evidence certain photographic depictions of the parking lot and in the instant motion, defendant seeks to exclude such on the basis that they show the lot under different weather conditions than existed at the time of the fall. Specifically, the photographs show standing water in various areas of the parking lot

and defendant argues that in light of plaintiff's deposition testimony that it had not rained that day, the photos are not relevant. Plaintiff argues that the photos are being used to show that the standing water was caused by improper drainage, that the patch of ice had been the result of such improper drainage (even if not to the same extent), and that defendant had notice of the condition. Defendant's counter-argument that the condition of the parking lot can be demonstrated by photos of the lot without water on it ignores the drainage issue. Improper drainage cannot effectively be shown without showing the water that is not draining. The court therefore believes the photos are relevant and properly admitted. As to the argument that they might mislead the jury, since plaintiff does not plan to represent that the lot was covered by standing water, and defense counsel can certainly point out to the jury that it was not, and as plaintiff will testify that it was a dry day and she slipped on just an isolated patch of ice, it does not appear the jury will be misled.

Plaintiff also plans to introduce the testimony of an expert witness that the condition of the property violated two provisions of the international property maintenance code and defendant objects to that testimony. The first provision is Section 507, which addresses storm drainage. Defendant claims the section is inapplicable since "there is not a contention that the plaintiff's fall was caused by improper storm drainage as per the plaintiff, there was no precipitation on the day of the accident." The second

assertion does not necessarily lead to the first, however. The fall is alleged to have occurred on *ice* and thus the lack of precipitation on that particular day is not dispositive. As noted above, plaintiff *does contend* the fall was caused by improper storm drainage and thus the section is applicable.

The second provision is Section 302.3, which requires that "[a]ll sidewalks, walkways, stairs, driveways, parking spaces and similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions." Defendant argues that this section simply restates a general negligence standard and is not the proper subject for expert testimony. The court agrees. Therefore, this portion of the expert's testimony will be precluded.

## ORDER

And now, this 6th day of February 2015, for the foregoing reasons, the motion in limine is denied in part and granted in part. Mr. Hughes shall not be permitted to testify regarding violations of Section 302.3 of the property maintenance code.